IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RACHEL BAKER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil No. _____ |
| | § | |
| RICKY SHULER TRUCKING INC. | § | CLASS ACTION COMPLAINT |
| AND RICKY SHULER, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | |

## CLASS ACTION COMPLAINT

Plaintiff Rachel Baker ("Plaintiff") files this Class Action Complaint against Ricky Shuler Trucking Inc. and Ricky Shuler, individually (collectively "Defendants") seeking all available relief under the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 through 50-4-35 ("NMMWA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

## NATURE OF ACTION

1. Plaintiff, a former truck driver for Defendants, brings this lawsuit to recover unpaid overtime wages and other damages under the NMMWA and the FLSA.

2. Defendants provide crude oil hauling services in the southwest region of the United States, including New Mexico.

3. Plaintiff was assigned by Defendants to haul loads in New Mexico.

4. Defendants have employed Plaintiff and other non-exempt truck drivers to haul crude oil for Defendants in New Mexico but failed to properly pay her for overtime hours worked at the legally required rate in violation of the NMMWA, N.M. Stat. § 50-4-22(E), and the FLSA,

29 U.S.C. §§ 213. Plaintiff was not governed by the maximum hour requirements of 49 U.S.C. § 31502.

5. Plaintiff and the other truck drivers regularly worked over forty (40) hours in each workweek. However, Plaintiff and the other truck drivers never received overtime for hours worked in excess of forty (40) in a single workweek.

6. Defendants failed to pay Plaintiff and the other truck drivers one and one-half times their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA and the FLSA.

## PARTIES

7. Plaintiff worked for Defendants as a truck driver in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

8. Plaintiff worked out of Defendants' facilities and drove for Defendants in New Mexico. During her work for Defendants, Plaintiff regularly worked well in excess of seventy hours per week. Defendants did not pay Plaintiff overtime compensation at any time during the three years preceding the filing of this lawsuit.

9. Plaintiff seeks to represent a class of similarly situated truck drivers pursuant to Federal Rule of Civil Procedure 23. The class sought to be certified is defined as:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

10. Plaintiff brings a collective action to recover unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants, who worked as truck drivers at any time during the three year period before this Complaint was filed up to the present. These

Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and other governing precedent.

11.     Defendant Ricky Shuler Trucking Inc. is a foreign profit company, with its New Mexico principal place of business at 1004 East Kansas, Jal, NM 88252. Defendant does business throughout the United States, including New Mexico. Defendant conducts substantial portions of its business in New Mexico. Defendant can be served with process by serving its New Mexico registered agent, CT Corporation System, 206 S Coronado Ave, Espanola, NM 87532.

12.     Defendant Ricky Shuler is an individual residing in Texas and doing business in New Mexico and may be served with process at 316 Shell Road, McCamey, Texas 79752 or wherever he may be found.

13.     Plaintiff brings her NMMWA and FLSA claims as a Rule 23 class action, and the FLSA claims as a collective action, as more fully described below.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).

15.     This Court has subject matter jurisdiction over the class action portion of this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 Class Members; (2) the Class Members' total claims exceed $5,000,000.00 in the aggregate, exclusive of costs or interest; and (3) at least one New Mexico Class Member is from a different state than Defendants.

16.     Under 28 U.S.C. § 1391(b) venue is proper in the District of New Mexico because a substantial part of the events giving rise to the claim occurred in this District.

17. Plaintiff and the Class Members perform or performed work for Defendants in this District.

## COVERAGE FACTS

18. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

19. At all relevant times, Defendants constituted employers or joint employers within the meaning of NMMWA and the FLSA. *See* N.M. STAT. § 50-4-21(B), 29 U.S.C. § 203.

20. At all relevant times, Plaintiff and the Class Members constituted individual employees employed by an employer as the term "employee" is defined under the NMMWA, and under the FLSA. *See* N.M. STAT. § 50-4-21(C); 29 U.S.C. § 203.

## FACTUAL ALEGATIONS RELATING TO OVERTIME VIOLATIONS

21. Defendants have continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay truck drivers who worked in New Mexico overtime for hours worked in excess of forty (40) per week.

22. Defendants are operating throughout the United States, including New Mexico, and employ truck drivers to carry out its work.

23. The Class Members are individuals who worked for Defendants performing the same or substantially similar job duties as Plaintiff.

24. Plaintiff and the Class Members were subjected to the same or similar illegal pay practices for similar work.

25. Defendants agreed to pay truck drivers partially fixed and partially variable rates based on the number of loads delivered.

4

26. Furthermore, the truck drivers were required to regularly spend between 20 to 25 hours of the hours worked for Defendants each week on tasks unrelated to actually hauling loads. This included waiting in between scheduled load pick up and drop offs, 'deadhead' travel between locations, and mandatory meetings.

27. The time spent waiting on location or performing the above tasks was for the sole benefit of Defendants and Plaintiff and the Class Members did not have any ability to use the time for their own benefit during these wait times and remained on call for Defendants. To the extent the truck drivers could otherwise be designated as piecework employees, this practice of requiring the truck drivers to perform these non-integral services for the Defendants without compensation defeats this designation.

28. Defendants classified the Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

29. As truck drivers, Plaintiff's primary job duties included driving from the pickup site to drop-off sites within New Mexico, after shift work, equipment maintenance repairs and responsibility, driving to return trucks to pick up sites, and waiting to perform these tasks at Defendants' direction.

30. Pursuant to Defendants' policy, Plaintiff and the Class Members were not compensated for time worked, including shop time, breakdown time, wait time, or any non-driving time. Plaintiff and the Class Members were also not compensated for deadhead trips between locations.

31. Defendants typically required Plaintiff to work 12 to 14-hour shifts.

32. Plaintiff regularly worked in excess of forty (40) hours each work week while employed by Defendants.

## NEW MEXICO CLASS AND COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff seeks to represent a class of similarly situated truck drivers under NMMWA and the FLSA pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to certify the following class:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

34. Plaintiff also seeks a collective action pursuant to 29 U.S.C. § 216(b) for the New Mexico Class.

35. Upon information and belief, members of these classes are so numerous that joinder of all members is impracticable and there are more than 100 members of the class.

36. While the precise number of the Class Members is unknown, numerous Class Members work or worked for Defendants, hauled loads in New Mexico and worked for more than forty (40) hours during the past three (3) years and throughout the time period Defendants' continuing course of conduct occurred.

37. Plaintiff and all the Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendants' failure to pay wages and overtime compensation at the rates required by the NMMWA and FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members. Plaintiff's claims are therefore typical of the claims of the Class Members.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class Members because there is no conflict between the claims of Plaintiff and those of the Class Members. Plaintiff's counsel is competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases similar to this case.

39. There are questions of law and fact common to the proposed classes, which predominate over any questions affecting only individual members, including, without limitation:

   a. whether Defendants have violated and continue to violate statutory and common law through its policies or practices of not paying the Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

   b. the proper measure of damages sustained by the Class Members; and

   c. whether Defendants should be enjoined for such violations in the future.

40. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2).

41. Defendants acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

42. Plaintiff's claims are typical of the claims of the classes in the following ways, without limitation: (a) Plaintiff is a member of the classes; (b) Plaintiff's claims are based on the same policies, practices and course of conduct that form the basis of the claims of the classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Class Members; and (e) the injuries suffered by Plaintiff is similar to the injuries suffered by the Class Members.

43. Class certification is appropriate because questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members. FED. R. CIV. P. 23(b)(3).

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of this controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

45. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

46. The Class Members are readily identifiable from Defendants' own records, including the records indicating where Class Members were driving and consequently, where the majority of their hours were logged. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

47. Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Class Members, while substantial, are not great enough to enable them each to maintain separate suits against Defendants.

48. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Class Members. Plaintiff does not envision any difficulty in the management of this action as a class action.

49. Plaintiff intends to send notice to the Rule 23 Class Members to the extent required by Federal Rule of Civil Procedure 23(c).

50. Plaintiff intends to send notice to all Class Members pursuant to applicable conditional collective action procedures and to the extent required by Federal Rule of Civil Procedure 23(c). *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095 (10th Cir. 2001).

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

51. Pursuant to NMMWA, an employer, such as Defendants, who fail to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

52. During the relevant time period, Defendants violated and continue to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

53. Plaintiff and the Class Members are entitled to unpaid overtime equal to one and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(E). *See also N.M. Dep't of*

*Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495-96, 134 P.3d 780, 782-83.

## **VIOLATIONS OF THE FLSA**

54. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of Defendants. 29 U.S.C. § 206.

55. Plaintiff has suffered damages as a direct result of Defendants' unlawful actions, including Defendants' failure to pay Plaintiff wages and overtime.

56. Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of 29 U.S.C. § 211(c).

57. Federal law mandates that an employer keep for three years all payroll records and other records containing, among other things, the following information:

   a. the time of day and day of week on which the employees' work week begins;

   b. the regular hourly rate of pay for any workweek in which overtime compensation is due under the FLSA;

   c. an explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. the amount and nature of each payment which is excluded from the "regular rate";

   e. the hours worked each workday and total hours worked each workweek;

   f. the total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g. the total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded;

   h. the total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i. the dates, amounts, and nature of the items which make up the total additions and deductions;

    j.       the total wages paid each pay period; and

    k.       the date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

58.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and the Class Members. Because Defendants' records are inaccurate or inadequate, Plaintiff and the Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were not compensated, and produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.

59.    Defendants are liable to Plaintiff for wages, unpaid overtime compensation, liquidated damages, attorneys' fees & expenses under the FLSA, for the three-year period preceding the filing of this lawsuit. 29 U.S.C. § 216.

## JURY DEMAND

60.    Plaintiff requests a trial by jury.

## PRAYER

61.    For these reasons, Plaintiff, on an individual basis and on a representative basis on behalf of the Class Members, respectfully request that judgment be entered in her favor and against Defendants, awarding Plaintiff, on an individual basis and on a representative basis on behalf of the Class Members, the following relief:

    a.       for an Order certifying the NMMWA and FLSA claims as a Class Action pursuant to, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel. *See* Fed. R. Civ. P. 23;

    b.       for Judgment that Defendants violated NMMWA by failing to pay Plaintiff and the Class Members' overtime compensation;

c.     for an Order awarding Plaintiff and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the NMMWA;

d.     for an Order awarding all costs and attorneys' fees incurred prosecuting this claim. N.M. STAT. § 50-4-26(e);

e.     for an Order for injunctive relief. N.M. STAT. § 50-4-26(F);

f.     for an Order conditionally certifying the FLSA claims as a collective action and authorizing notice to all putative Class Members;

g.     for Judgment that Defendants violated the FLSA by failing to pay Plaintiff and the Class Members' overtime compensation;

h.     for an Order awarding Plaintiff and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the FLSA;

i.     for an Order awarding all costs and attorneys' fees incurred prosecuting this claim. 29 U.S.C. § 216 (b); and

j.     any other and further relief to which Plaintiff and the Class Members may be entitled.

November 7, 2024

Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
NM Federal Bar No. 21-37
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

**COUNSEL FOR PLAINTIFF**