IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RACHEL BAKER | § | |
| | § | |
| Plaintiff, | § | Case No.1:24-CV-01144 |
| | § | |
| v. | § | ANSWER TO CLASS ACTION |
| | § | COMPLAINT |
| | § | |
| RICKY SHULER TRUCKING INC., | § | |
| AND RICKY SHULER, | § | |
| INDIVIDUALLY | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW, Defendants Ricky Shuler Trucking Inc., and Ricky Shuler, an individual (collectively, "Defendants") by and through their counsel of record, Jackson Lewis P.C. (Michael J. DePonte and Alexandria Ayala), and hereby submits their Answer and Affirmative Defenses to Plaintiff' Class Action Complaint (the "Complaint") as follows:

**NATURE OF ACTION**

1. Defendants admit Plaintiff is a former truck driver but deny the remainder of the claims in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.

**PARTIES**

7. Defendants admit that Plaintiff was employed by Defendants as a truck driver in the State of New Mexico. Defendants deny the remainder of the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that Plaintiff worked out of Defendants' facilities in New Mexico and drove for Defendants in New Mexico. Defendants deny the remainder of the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants are without knowledge as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the veracity of Plaintiff's claims.

## JURSIDCTION AND VENUE

14. Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit venue is proper in this Court.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

## COVERAGE FACTS

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS RELATING TO OVERTIME VIOLATIONS

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## NEW MEXICO CLASS AND COLLECTIVE ACTION ALLEGATIONS

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

## VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT

51. Paragraph 63 of Plaintiff's Complaint states a legal conclusion to which no response is required.

52. Defendants deny the allegations contained within Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained within Paragraph 53 of Plaintiff's Complaint.

## VIOLATIONS OF THE FLSA

54. Defendants deny the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained within Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained within Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint states a legal conclusion to which no response is required.

58. Defendants deny the allegations contained within Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained within Paragraph 59 of Plaintiff's Complaint.

## JURY DEMAND

60. Defendants are not required to admit or deny Plaintiff's request for a jury.

## PRAYER

61. Defendants deny Plaintiff are entitled to any of the relief requested in Paragraph 61 of the Complaint, including subparagraphs (a) – (j).

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT – PAGE 3**

**DEFENSE AND AFFIRMATIVE DEFENSES**

Subject to and without waiving any denials above, and without conceding that they bear the burden of proof as to any issue, Defendants assert the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

1. The Complaint fails to state a claim upon which relief may be granted.

2. At all times material to the Complaint, Defendants Ricky Shuler Trucking Inc. and Ricky Shuler ("Defendants") acted in good faith and upon reasonable reliance upon the provisions of the FLSA, interpretive case law, and regulations, orders, rulings, approvals, interpretations, and opinion letters of the U.S. Department of Labor.

3. One or more of the named Defendants are not a proper party to this lawsuit.

4. Plaintiff's claims cannot be maintained as a collective action under the FLSA because they are not similarly situated to the other members of the putative collective they purport to represent, the existence of which is expressly denied; and therefore, Plaintiff is an inadequate representative of the putative collective members.

5. Plaintiff's action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pleaded.

6. Plaintiff's action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff separately and individually will not support a collective action.

7. Plaintiff's lack standing to raise some or all of their claims and/or the claims of the members of the putative collective they purport to represent against Defendants.

8. Plaintiff lacks standing to raise some or all of their collective action claims because such claims are subject to dismissal under the first-to-file doctrine.

9. The Complaint is barred because Plaintiff and/or all or some members of the putative collective members they purport to represent are exempt from the overtime requirements of the FLSA under the administrative exemption, executive exemption, outside sales exemption, combination exemption, and/or the Motor Carrier Act.

10. Plaintiff and/or members of the putative collective they purport to represent are precluded from recovering any amounts from Defendants where their employer paid Plaintiff and/or members of the putative collective all sums legally due under the FLSA.

11. Because liability and/or damages, if any, to Plaintiff and each member of the putative collective they purport to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendants' rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

12. Some or all of the disputed time for which Plaintiff and/or members of the putative collective they purport to represent seek recovery of wages allegedly owed is not compensable pursuant to the *de minimis* doctrine.

13. The claims of Plaintiff and/or members of the putative collective they purport to represent are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours that Plaintiff and/or members of the putative collective were engaged in activities were preliminary and/or postliminary to their principal activities.

14. The claims of Plaintiff and/or members of the putative collective they purport to represent are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

15. The claims of Plaintiff and/or members of the putative collective they purport to represent for relief are barred to the extent the relief sought by Plaintiff and/or members of the putative collective they purport to represent exceeds that available under the statutes and/or regulations under which Plaintiff bring suit.

16. The claims of Plaintiff and/or members of the putative collective they purport to represent are subject to setoff, offset, and/or recoupment. To the extent the Court finds Plaintiff and/or members of the putative collective they purport to represent are owed unpaid overtime wages, when calculating how much money is owed, Defendants are entitled to set-off overpayments in the work periods where Plaintiff was paid more than was owed.

17. Defendants' actions were not intentionally or willfully devised, nor did Defendants operate to violate the requirement of the statutes and/or regulations at issue.

18. Defendants' actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

19. All actions or omissions, if any, were in good faith and based on good cause and on reasonable grounds for believing that Defendants were complying with the FLSA. The exempt status of the employees were verified based on a good faith interpretation of the applicable statute and regulations.

20. The claims of Plaintiff and/or members of the putative collective they purport to represent are barred because Defendants have at all times acted reasonably and in good faith.

21. The Complaint and each and every purported cause of action contained therein are barred in whole or in part to the extent that Plaintiff was paid all money due and the putative collective they purport to represent.

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT – PAGE 5**

22. The claims of Plaintiff and/or members of the putative collective they purport to represent are barred by the doctrine of estoppel. To the extent the evidence shows Plaintiff and/or members of the putative collective they purport to represent may have misled their employer about the working hours or compensable activities, Plaintiff and/or members of the putative collective they purport to represent should not profit from these actions.

23. The request of Plaintiff and/or members of the putative class they purport to represent for jury trial is barred as to those claims for which no jury trial is available, such as injunctive and declaratory relief.

24. Plaintiff's employer did not suffer or permit work by Plaintiff or any of the putative collective members they purport to represent without appropriate compensation.

25. To the extent Plaintiff and/or members of the putative collective they purport to represent worked any uncompensated time, their employer lacked actual or constructive knowledge of such work.

26. All of part of the time for which Plaintiff and/or members of the putative collective they purport to represent seek compensation does not constitute compensable working time.

27. The claims of Plaintiff and/or members of the putative collective they purport to represent are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

28. Defendants request that Plaintiff and/or members of the putative collective they purport to represent specifically plead the amount of damages they are seeking.

29. Defendants give notice that they intend to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendants reserve the right to amend its Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, Defendants respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant further seeks any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

Respectfully submitted,

By: */s/ Michael J. DePonte*
**Michael J. DePonte**
New Mexico Federal Bar No. 21-276
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT – PAGE 6**

Dallas, Texas 75201
Phone: (214) 520-2400
Facsimile: (214) 520-2008
Michael.Deponte@jacksonlewis.com

**Alexandria Ayala**
New Mexico Federal Bar No. 24-255
JACKSON LEWIS P.C.
500 Marquette Avenue NW, Suite 1050
Albuquerque, New Mexico  87102
Phone:  (505) 878-0515
Facsimile:  (505) 878-0398
Alexandria.Ayala@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of **Defendants' Answer and Defenses To Plaintiff's Class Action Complaint** was electronically served via CM/ECF in accordance with the Federal Rules of Civil Procedure to the following counsel of record on December 27, 2024:

Benjamin W. Allen
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas  77002
ballen@wallaceallen.com

*/s/ Michael J. DePonte*
Michael J. DePonte

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT – PAGE 7**