**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RACHEL BAKER,

        Plaintiff,

v.                                        No. 1:24-cv-1144 SMD/LF

RICKY SHULER TRUCKING INC. and
RICKY SHULER, Individually,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff Rachel Baker's Motion for Conditional Class Certification, filed on September 5, 2025. Doc. 17 (Pl.'s Mot. for Conditional Cert.). Defendants Ricky Shuler Trucking Inc. and Ricky Shuler (collectively "Defendants") filed their Response in Opposition to Conditional Certification on October 2, 2025. Doc. 18 (Defs.' Resp.). Plaintiff filed her reply brief on October 20, 2025. Doc. 20 (Pl.'s Reply). Having reviewed the parties' arguments and the relevant law, the Court will **GRANT** Plaintiff's Motion for Conditional Certification and will authorize notice as discussed herein.

### BACKGROUND

Defendants operate a crude-oil hauling business throughout the southwest region of the United States, including operations in New Mexico. Doc. 1 (Compl.) ¶¶ 2, 21–22. Plaintiff worked for Defendants as a crude-oil truck driver in New Mexico during the three "years preceding the filing of this lawsuit." *Id.* ¶¶ 1, 7.

Plaintiff alleges that she and other truck drivers (the "Shuler Drivers") routinely worked well in excess of 40 hours per week—often 12 to 14-hour shifts and more than 70 hours per week—while hauling crude oil and performing other work required by Defendants. *Id.* ¶¶ 5, 8, 26, 31–32.

In addition to driving, Plaintiff and other drivers regularly spent 20 to 25 hours each week performing tasks unrelated to hauling loads, including waiting between scheduled pickups and drop-offs, deadhead travel between locations, equipment-related tasks, shop time, breakdown time, and mandatory meetings. *See id.* ¶¶ 26–30. Plaintiff asserts that these activities were performed for Defendants' benefit, that drivers remained on duty and were unable to use the time for their own purposes, and that none of this time was compensated. *See id.* ¶¶ 26–27, 30.

Defendants classified Plaintiff and all other truck drivers as exempt and paid them a "partially fixed and partially variable rate based on the number of loads delivered[,]" without paying overtime premiums for hours worked in excess of 40 hours in a workweek. *Id.* ¶¶ 25, 28. Plaintiff alleges that Defendants applied these same pay practices to all truck drivers who hauled loads in New Mexico, and that these drivers performed the same or substantially similar job duties as she did. *Id.* ¶¶ 23–24, 33–37.

Plaintiff brings this action under the New Mexico Minimum Wage Act (NMMWA) and the Fair Labor Standards Act (FLSA) to recover unpaid overtime wages and related damages. *Id.* ¶¶ 1, 51–59. She seeks to represent a Federal Rule of Civil Procedure 23 class and an FLSA collective consisting of all current and former truck drivers who hauled loads in New Mexico, worked more than 40 hours in at least one week during the three years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate for overtime hours. *See id.* ¶¶ 9–10, 13, 33–34.

Plaintiff now moves for conditional certification under 29 U.S.C. § 216(b) of the FLSA so that notice may issue to similarly situated truck drivers who were subject to the compensation policies and overtime violations alleged in the Complaint. *See* Pl.'s Mot. for Conditional Cert.

**LEGAL STANDARD**

Under Section 7 of the FLSA, employers must pay employees at least one and one-half times their regular rate for any hours worked beyond 40 in a workweek. 29 U.S.C. § 207(a)(1). If an employer fails to comply with this requirement, an employee may bring a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). "Unlike opt-out class actions under Rule 23 of the Federal Rules of Civil Procedure, however, collective actions under the FLSA require affirmative consent by a current or former employee to join the class." *Felps v. Mewbourne Oil Co.*, 460 F. Supp. 3d 1232, 1235 (D.N.M. 2020) (quoting *Aguilar v. Mgmt. & Training Corp.*, No. 2:16-cv-050 WJ/GJF, 2017 WL 4277139, at *3) (D.N.M. Jan. 27, 2017) (quotation marks omitted)) (citing 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")). "Thus, in order for putative plaintiffs to join an FLSA collective action, they must affirmatively opt in to do so." *Id.* (quoting *Aguilar*, 2017 WL 4277139, at *3) (quotation marks omitted).

The FLSA does not define "similarly situated," but the Tenth Circuit has adopted a two-step ad hoc approach to determine whether members of a class are similarly situated. *See id.* (quoting *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102–05 (10th Cir. 2001)). At the first step—the "notice stage"—the court makes a preliminary determination whether the proposed collective members are similarly situated based on the allegations in the complaint and any supporting declarations. *See id.* (discussing *Thiessen*, 460 F. Supp. 3d at 1102); *see also Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1312 (D.N.M. 2017). "If the court finds that the plaintiffs are similarly situated, notice is sent to putative class members and discovery proceeds on the merits." *Waltrip v. TransWood Logistics, Inc.*, No. 1:24-cv-0672 SMD/KK, 2025 WL

1361733, at *3 (D.N.M. May 9, 2025). "The court then, at the close of discovery, uses a more demanding standard to reevaluate whether those who have opted in are 'similarly situated.'" *Id.* (quoting *Thiessen*, 267 F.3d at 1103).

The standard at the first step is lenient and requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102–03 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)); *see also Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1114 (D.N.M. 2017). At this stage, the Court does not weigh evidence, resolve factual disputes, or reach the merits of the parties' positions. *See Landry*, 252 F. Supp. 3d at 1116 (citation omitted). Instead, "[P]laintiff 'need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Olivas v. C & S Oilfield Servs., LLC*, 349 F. Supp. 3d 1092, 1109 (D.N.M. 2018) (quoting *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375–76 (N.D.N.Y. 1995)) (citing *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007)). Courts routinely find this standard satisfied where the putative collective members: worked for the same employer, performed similar job duties, or were subject to the same compensation practices. *See, e.g., Landry*, 252 F. Supp. 3d at 1117–18; *Calvillo*, 267 F. Supp. 3d at 1314; *Lyles v. T & Ds Lube Doctors LLC*, No. 2:24-cv-0728 SMD/KRS, 2025 WL 1736807, at *2 (D.N.M. June 23, 2025) (citations omitted).

If conditional certification is granted, notice is issued and discovery proceeds. *See Lyles*, 2025 WL 1736807, at *3 (citation omitted). After discovery closes, the Court conducts the second step and applies a more demanding standard to determine whether the opt-in plaintiffs are, in fact, "similarly situated." *See id.* (quoting *Thiessen*, 267 F.3d at 1103). At that point, the Court considers: (1) the disparate factual and employment settings of the individual plaintiffs;

4

(2) individualized defenses; (3) fairness and procedural considerations; and (4) whether the plaintiffs have satisfied the filing requirements. *Id.* (quoting *Thiessen*, 267 F.3d at 1103) (citing *Pruess v. Presbyterian Health Plan, Inc.*, 745 F. Supp. 3d 1218, 1248 (D.N.M. 2024) (applying *Thiessen* factors to second-stage analysis)) (subsequent citation omitted).

## DISCUSSION

Plaintiff seeks conditional certification of the following proposed collective:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

Pl.'s Mot. for Conditional Cert. at 2.

Plaintiff alleges that all Shuler Drivers shared the same employer, performed the same primary duty of hauling crude oil throughout New Mexico, routinely worked more than 40 hours per week, and were uniformly paid a partially fixed and partially variable rate based on loads delivered without receiving overtime compensation. Compl. ¶¶ 5, 8, 23–25, 28, 31–37. She further asserts that all drivers performed substantial non-driving work—including waiting time, deadhead travel, shop time, breakdown time, and mandatory meetings—that totaled 20 to 25 hours per week of uncompensated labor. *Id.* ¶¶ 26–30. Plaintiff supports these allegations with her declaration, Defendants' rate sheet, pay stub and pay summaries, and a corporate representative's testimony. Pl.'s Mot. for Conditional Cert. at 2–4, Exs. A–C; Pl.'s Reply at 2–3, Ex. D.

If conditional certification is granted, Plaintiff requests that the Court authorize issuance of notice and order Defendants to produce the names, birth dates, driver's license numbers, telephone numbers, email addresses, mailing addresses, and dates of employment for all putative collective members. *See* Pl.'s Mot. for Conditional Cert. at 1–2.

Defendants oppose conditional certification. They argue that individualized factual inquiries are necessary because drivers' experiences varied and that Plaintiff's declaration is speculative, conclusory, and unsupported by corroborating evidence. Defs.' Resp. at 4–7. Defendants further contend that determining whether each driver was properly classified requires a driver-specific analysis, and that Plaintiff has not shown a uniform unlawful policy. *Id.* at 4–6. Defendants also argue that Plaintiff's request for contact information is overbroad and that her motion is procedurally deficient because it does not attach a proposed notice. *Id.* at 7–9.

Because this case is at the first step of the *Thiessen* framework, Plaintiff need only make the "light" showing required to demonstrate that other truck drivers are similarly situated and were subject to the same alleged overtime violations. *See Thiessen*, 267 F.3d at 1102–03.

I.      The Shuler Drivers Are Similarly Situated.

The Court finds that the proposed class members are similarly situated. "Whether Plaintiff has submitted sufficient evidentiary support for conditional certification presents a close question, even under *Thiessen*'s lenient standard." *Lyles*, 2025 WL 1736807, at *4. Here, however, Plaintiff has met this burden. All putative collective members worked as crude-oil truck drivers for Defendants in New Mexico, performed the same primary duty of hauling crude oil, and were subject to the same compensation structure—paid a partially fixed and partially variable rate based on loads delivered, without overtime compensation. *See* Compl. ¶¶ 23–25, 28, 33–37; *see also* Pl.'s Mot. for Conditional Cert. at 2–3. Plaintiff's declaration confirms that she routinely worked 12 to 14-hour shifts and more than 70 hours per week, and that other drivers performed the same work under the same conditions. *See* Pl.'s Mot. for Conditional Cert. at 2–4, 7, Ex. A. These allegations mirror those found sufficient in *Waltrip v. TransWood Logistics, Inc.*, where the Court found that crude-oil truck drivers were similarly situated because they shared the same job title,

performed the same primary duty, and were subject to the same compensation system. *Waltrip*, 2025 WL 1361733, at \*5 (first citing *Bustillos v. Bd. of Cnty. Comm'rs of Hidalgo Cnty.*, 310 F.R.D. 631, 647 (D.N.M. 2015); and then citing *Calvillo*, 267 F. Supp. 3d at 1314). These parallels further support conditional certification at this stage.

The job duties of Shuler Drivers also align. Plaintiff asserts that all drivers performed substantial non-driving work—including waiting time, deadhead travel, equipment-related tasks, shop time, breakdown time, and mandatory meetings—totaling 20 to 25 hours per week. Compl. ¶¶ 26–30. Courts in this District have repeatedly held that minor variations in day-to-day tasks do not defeat similarity at step one. *See, e.g.*, *Landry*, 252 F. Supp. 3d at 1120 (concluding that positions need only be similar, not identical, and that some variation in specific job duties does not destroy a similarly situated designation at the notice stage) (citation omitted); *Olivas*, 349 F. Supp. 3d at 1111 (when affidavits establish shared primary duties, differences in job titles or specific tasks are "superficial" and do not defeat conditional certification).

Plaintiff's evidence—including her declaration, pay stub and pay summaries, Defendants' rate sheet, and the corporate representative's testimony—provides the "some factual basis" required to show that other similarly situated drivers exist. *See Olivas*, 349 F. Supp. 3d at 1109 (citing *Schwed*, 159 F.R.D. at 375-76). Defendants argue that Plaintiff's showing is insufficient because she relies on a single declaration. *See* Defs.' Resp. at 5–7. This argument is unpersuasive. Courts in this District have granted conditional certification based on a single declaration, particularly when supported by employer-issued pay documents. *See Kerr v. K. Allred Oilfield Servs.*, LLC, No. 2:20-cv-0477 WJ/SMV, 2020 WL 6799017, at \*4 (D.N.M. Nov. 19, 2020) ("While Plaintiff submits only one declaration, this fact alone does not support denial of conditional certification.")(collecting cases) (citations omitted); *see also Foster v. Nova*

7

*Hardbanding, LLC*, No. 2:15-cv-1047 CG/KRS, 2016 WL 4492829, at *1 (D.N.M. Apr. 20, 2016) (granting certification based on one declaration and complaint allegations).

More recently, the court in *Lyles v. T & Ds Lube Doctors LLC* rejected the argument that multiple declarations are required, explaining that this District, "along with many others, has conditionally certified classes based on substantial allegations in the complaint and a singular declaration." *Lyles*, 2025 WL 1736807, at *5 (collecting cases). The court in *Lyles* further emphasized that "[t]he Tenth Circuit 'has never adopted the requirement that plaintiffs demonstrate the existence of other employees who wish to opt into the litigation.'" *Id.* (quoting *Felps*, 460 F. Supp. 3d at 1237) (subsequent citations omitted)). Plaintiff's declaration here provides firsthand, work-based knowledge that courts in this District have repeatedly found sufficient at the notice stage.

Because Plaintiff has provided evidence of a uniform pay practice and firsthand knowledge of other drivers' similar work conditions, she has satisfied the modest factual showing required for conditional certification.

II.     Defendants Maintained a Single, Unlawful Pay Policy.

The Court now considers whether Plaintiff has made "substantial allegations" that the proposed collective "were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (brackets, citations, and internal quotation marks omitted). At the notice stage, "a court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Renfro*, 243 F.R.D. at 434 (citations omitted).

Plaintiff alleges that Defendants maintained a uniform pay practice under which all Shuler Drivers were paid a partially fixed and partially variable rate based on loads delivered, were not paid for substantial non-driving work, and never received overtime compensation for hours worked

8

in excess of forty per week. *See* Compl. ¶¶ 23–31; Pl.'s Mot. for Conditional Cert. at 2–4. Plaintiff asserts in her declaration that this pay model applied to all drivers and that none received overtime for hauling crude oil in New Mexico. Pl.'s Mot. for Conditional Cert. Ex. A. Further, Defendants' own rate sheet reflects a uniform per-mile structure with no hourly compensation for hauling loads. *Id.* Ex. B.

Plaintiff's pay stub and pay summaries likewise show no overtime compensation (only "Regular" pay) despite Plaintiff's allegations of weeks exceeding sixty to seventy hours worked. *See id.* Ex. C. And Defendants' corporate representative testified that Shuler Drivers worked "12 to 14 hours" per shift and did not receive overtime of any kind. *See* Pl.'s Reply at 2–3, Ex. D at 40:6–20, 43:14–25.

Courts in this District have consistently held that such employer-issued pay documents and sworn statements provide sufficient factual support for finding a single unlawful pay policy. In *Waltrip v. TransWood Logistics, Inc.*, the court considered whether crude-oil truck drivers paid per mile had made "substantial allegations" that they were together the victims of a single unlawful pay policy. See *Waltrip*, 2025 WL 1361733, at *6. The employer admitted that all drivers were uniformly classified as piecework employees and denied overtime, but argued that differences in job duties, locations, and managerial staff defeated any showing of a single policy. *Id.* at *5–6. The court rejected that argument, explaining that the relevant inquiry is whether drivers were subject to the same compensation method, not whether every aspect of their employment was identical. *Id.* at *6. Because all drivers were paid per loaded mile, performed substantial non-driving work, and routinely worked more than 40 hours without overtime, the court held that they had sufficiently alleged a single "decision, policy, or plan" under *Thiessen*. *Id.* The same reasoning applies here: all Shuler Drivers were paid under the same load-based compensation

9

model, were not paid for 20–25 hours of non-driving work each week, and never received overtime despite 12 to 14-hour shifts and weeks exceeding 60 to 70 hours. As in *Waltrip*, Defendants' own rate sheet, pay records, and corporate testimony support substantial allegations that Shuler Drivers were together the victims of a single, unlawful pay policy.

Similarly, in *Lyles v. T & Ds Lube Doctors LLC*, the court rejected the argument that individualized circumstances defeated a showing of a single unlawful pay policy. *See Lyles*, 2025 WL 1736807, at *6. There, the employer asserted that independent-contractor classifications were made "on a case-by-case basis" and therefore could not constitute a uniform policy. *Id.* The court disagreed, explaining that the relevant inquiry is whether workers were subject to the same compensation method—not whether the employer had identical reasons for applying it. *Id.* Because all oilfield workers were classified the same way and uniformly denied overtime, the court held that plaintiffs had sufficiently alleged a single "decision, policy, or plan" under *Thiessen*. *Id.* The same logic applies here: regardless of Defendants' asserted reasons for their pay structure, all Shuler Drivers were subject to the same load-based compensation model and the same denial of overtime.

Defendants argue that individualized inquiries into each driver's hours, supervision, and compensation structure preclude conditional certification. Defs.' Resp. at 4–7. But at this stage, the Court "does not weigh the evidence, resolve factual disputes, or rule on the merits of [Plaintiff's] claims." *See Landry*, 252 F. Supp. 3d at 1116 (quoting *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013)). Instead, the question is whether Plaintiff has made a modest factual showing that all drivers were subject to the same pay practice. *See id.* The Court finds that she has. Her allegations and supporting evidence demonstrate that all Shuler Drivers were paid according to the same load-based system, were not compensated for substantial

non-driving work, and did not receive overtime. Compl. ¶¶ 23–31; Pl.'s Mot. for Conditional Cert. Exs. A–C; Pl.'s Reply Ex. D.

Because Plaintiff has presented substantial allegations and supporting evidence that Defendants maintained a uniform pay practice applicable to all Shuler Drivers, she has satisfied the lenient standard required to show that the putative collective members were together the victims of a single decision, policy, or plan.

III.    Addressing Defendants' Other Arguments.

Defendants contend that individualized inquiries into each driver's hours, supervision, and compensation structure preclude conditional certification. Defs.' Resp. at 4–7. But at the notice stage, the Court does not weigh evidence or resolve factual disputes. *See Landry*, 252 F. Supp. 3d at 1116 (citation omitted). Instead, the question is whether Plaintiff has made a modest factual showing that all drivers were subject to the same pay practice. *Id.* (quoting *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567 (11tth Cir. 1991); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). The Court finds that Plaintiff has done so. Her allegations and supporting evidence demonstrate that all Shuler Drivers were paid according to the same load-based system, were not compensated for substantial non-driving work, and did not receive overtime.

Defendants also argue that Plaintiff's declaration is "self-serving," "conclusory," and insufficient because it is not corroborated by additional declarations. Defs.' Resp. at 5–7. Courts in this district have repeatedly rejected that argument and granted conditional certification based on the complaint and a single declaration. *See Lyles*, 2025 WL 1736807, at *5 (collecting cases). The Tenth Circuit likewise has never required plaintiffs to show that other employees are waiting to opt in. *See id.* (quoting *Felps*, 460 F. Supp. 3d at 1237) (subsequent citations omitted). Plaintiff's declaration provides firsthand, work-based knowledge of Defendants' compensation practices and

11

is supported by Defendants' own rate sheet, pay summaries, and corporate testimony. Pl.'s Mot. for Conditional Cert. Exs. A–C; Pl.'s Reply Ex. D.

Finally, Defendants assert that the drivers' differing supervision, pay structures, and day-to-day responsibilities undermine Plaintiff's similarity showing. Defs.' Resp. at 4–6. But courts in this District have consistently held that differences in supervision, pay rates, or day-to-day tasks do not bar conditional certification when, as here, the drivers share the same primary duties and were paid under the same compensation system. *See, e.g.*, *Waltrip*, 2025 WL 1361733, at *5–6; *Landry*, 252 F. Supp. 3d at 1120; *Olivas*, 349 F. Supp. 3d at 1111. The relevant inquiry is whether the drivers were subject to a common pay practice—not whether every aspect of their workday was identical.

Because Defendants' contentions address factual disputes or merits issues that are "not appropriate ground[s] for denying conditional certification[,]" they do not bar conditional certification. *See Waltrip*, 2025 WL 1361733, at *7.

IV.     Notice to Putative Collective Members.

Because the Court grants conditional certification, it must next determine the appropriate method and scope of notice to putative collective members. Courts have broad discretion to facilitate notice under 29 U.S.C. § 216(b), so long as the notice is "timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

Plaintiff requests that Defendants produce the names, birth dates, driver's license numbers, telephone numbers, email addresses, mailing addresses, and dates of employment for all putative collective members. Pl.'s Mot. for Conditional Cert. at 2, 8–9. Plaintiff also seeks authorization to contact potential class members through regular U.S. mail and email. *Id.* at 9. She proposes sending notice twice; "the first time within seven days of receiving the list of putative class members from

12

Defendants and a second time 30 days after, but only to those class members who have not yet submitted their Consent Forms." *Id.*

Defendants argue that Plaintiff's motion is procedurally deficient because it (1) fails to provide proposed notice language for the Court's review, and (2) seeks overly broad and highly personal contact information for all putative class members. *See* Defs.' Resp. at 7–9. In the event the Court grants conditional certification, Defendants request that the parties be ordered to confer regarding the content and timing of notice, and Plaintiff agrees. *Id.* at 9; *see also* Pl.'s Reply at 5.

The Court finds the notice issues here materially similar to those addressed in *Waltrip*, a case involving crude-oil truck drivers and nearly identical requests for contact information. *See Waltrip*, 2025 WL 1361733, at *7–8. In *Waltrip*, plaintiffs sought names, birth dates, driver's license numbers, telephone numbers, email addresses, mailing addresses, and dates of employment. *Id.* at *7. The court rejected defendants' arguments that plaintiffs' request for broad contact information was overly expansive, raised privacy concerns due to the nature of possible phone communications, and risked solicitous or improper outreach. *Id.* The court explained that concerns about "fluid" or "solicitous" phone conversations were irrelevant because Plaintiffs were not seeking phone-based notice, and it rejected the argument that FLSA notice must be limited to a single method of communication. *Id.* (collecting cases). The court approved notice by mail and email and ordered production of names, addresses, email addresses, and dates of employment, but declined to compel disclosure of phone numbers, birth dates, or driver's license numbers because plaintiffs had not shown they were necessary. *Id.* at *8.

The Court follows the same approach here. Disclosure of names, last-known mailing addresses, email addresses, and dates of employment is sufficient to facilitate notice. Production

of telephone numbers, birth dates, and driver's license numbers is unnecessary at this stage and will not be required.

Plaintiff also seeks authorization to send notice twice, both times by regular U.S. mail and by email, and to permit electronic execution of consent forms. *See* Pl.'s Mot. for Conditional Cert. at 1, 9. "Courts routinely permit the use of multiple contact methods to ensure that class members are aware of their right to join the action." *Waltrip*, 2025 WL 1361733, at *8 (gathering cases). The Court likewise finds these procedures appropriate here.

Accordingly, Defendants shall produce, within 14 days of this Order, "a class list in electronic and importable format containing first and last names, all known addresses, all known email addresses, and dates of employment for" all putative collective members. *See id.* The Court will require the parties to meet and confer within 30 days regarding the form, content, and timing of the proposed Notice and Consent Form, and will set a deadline for submission of a Joint Proposed Notice Packet and a corresponding Proposed Order for the Court's approval. Once approved, notice may be sent by mail and email, may be re-sent once thirty days after the initial mailing to individuals who have not responded, and may be executed electronically.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Class Certification is **GRANTED**. The Court **CONDITIONALLY CERTIFIES** the following collective:

> All of Defendants' current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

**IT IS FURTHER ORDERED** that Defendants shall produce, **within 14 days** of entry of this Order, a class list in electronic and importable format containing the first and last names, all known addresses, all known email addresses, and dates of employment for all putative collective members. The Court **DENIES** Plaintiff's request for production of telephone numbers, birth dates, or driver's license numbers.

**IT IS FURTHER ORDERED** that the parties shall meet and confer **within 30 days** regarding the form, content, and timing of the proposed Notice and Consent Form. The parties shall file a Joint Proposed Notice Packet with a corresponding Proposed Order for the Court's approval **no later than seven days** after completing their conference.

**IT IS FURTHER ORDERED** that, upon the Court's approval of the Notice and Consent Form, Plaintiff is authorized to send notice and consent forms by U.S. mail and email, and may send a second notice 30 days after the initial mailing to individuals who have not yet responded. Putative collective members may execute their consent forms electronically.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**